UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HUMBERTO RIVERA QUINTANILLA,<br><br>   Petitioner,<br><br> v.<br><br>PAM BONDI, et al.,<br><br>   Respondents. | Case No. 2:26-cv-00756-PD<br><br>**ORDER GRANTING RELIEF REQUESTED IN PETITION FOR WRIT OF HABEAS CORPUS** |

  Carlos Humberto Rivera Quintanilla ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges violations of the Immigration and Nationality Act ("INA"), the Foreign Affairs Reform Restructuring Act of 1998 ("FARRA"), and due process.  Dkt. No. 1.  Respondents filed an Answer, and Petitioner filed a Traverse and Supplement.  Dkt. Nos. 7, 8, 10.

  Petitioner is a citizen of El Salvador, who entered the United States without inspection on January 28, 1990, at or near San Ysidro, California.  Dkt. No. 1 at 17.  Petitioner was approximately 13 years old at the time.  On June 11, 2023, Petitioner was granted parole from the California Department of Corrections, which deemed him rehabilitated and not a danger to society.

*Id.* That same day, a Notice to Appear was issued, charging Petitioner as inadmissible under the INA section 212(a)(6)(A)(i) (alien present without being admitted or paroled). On August 3, 2023, Petitioner filed an application to seek relief under INA § 208, Withholding and Convention Against Torture ("CAT"). On November 20, 2023, Petitioner was simultaneously ordered removed and granted deferral of removal. DHS appealed the decision, and the Board of Immigration Appeals ("BIA") remanded the case to the immigration judge for further proceedings.

On June 14, 2024, Petitioner was ordered removed and simultaneously granted deferral of removal under the CAT. Dkt. No. 1 at 18; Dkt. No. 1-5, Exh. D (June 14, 2024 Order). Petitioner spent the following 90 days in detention and then was released. While released, Petitioner complied with all Immigration and Customs Enforcement ("ICE") check-ins and state probation officers and applied for a work authorization to help his wife, who is a United States citizen. Dkt. No. 1 at 18.

On January 16, 2026, Petitioner was detained by ICE after he reported to an ICE office and was informed that he would be removed to Mexico. That same day, he submitted a written request for referral to an asylum officer for a reasonable fear interview based on his fear of removal to Mexico. Dkt. No. 8 at 4.

On January 23, 2026, a Department of Homeland Security ("DHS") officer handed Petitioner a written Notice of Removal to Mexico, which provided no mechanism to raise a statutory right for protections. Petitioner alleges he repeatedly expressed a fear of removal to Mexico and was assured he would receive an interview regarding his fear. Dkt. No. 1 at 4, 19.

Petitioner fears that if he is removed to Mexico, Mexico will remove him to El Salvador. He bases this belief from personal knowledge of a recent immigration detainee who, like him, was granted deferral of removal to El

Salvador, but was removed to Mexico, and then subsequently removed to El Salvador. That individual is now in an El Salvador prison without direct contact with his wife. *Id.* at 19.

Petitioner filed the instant Petition on the day he received the Notice of Removal, and as of the date of filing, ICE had not scheduled his fear screening interview nor provided additional information about removing him to Mexico. *Id.* at 19–20.

Petitioner filed a Supplemental Exhibit which purports to show that Petitioner received a second Notice of Removal to Mexico, dated February 18, 2026. Dkt. No. 10 at 4.

At the hearing on this matter on March 9, 2026, Petitioner's counsel informed the Court that Petitioner had received his fear-based interview but was awaiting the result. The Court also obtained the parties' positions on the specific relief sought by Petitioner. Dkt. No. 1 at 25–26. Based on the representation that Petitioner received his fear-based interview regarding removal to Mexico, the Court finds the requested relief that Respondents provide Petitioner with a reasonable fear interview regarding removal to Mexico and provide at least ten days' notice, is moot.

For the remaining relief sought by Petitioner, Respondents were mostly in agreement. Where there was disagreement, Petitioner agreed with Respondents' proposed changes. The Court confirmed with Petitioner that no other relief was sought.

Therefore, the Court ORDERS the following:

With respect to any removal to Mexico:

1. If Petitioner is found to have a reasonable fear of removal, then the parties shall stipulate to reopen Petitioner's removal proceedings to allow Petitioner to present a full claim for relief under 8 U.S.C. § 1231(b)(3) and FARRA;

2. If Petitioner is not found to have such a fear, then Respondents must allow a further fifteen days for Petitioner to file a motion to reopen with the immigration court or Board of Immigration Appeals, as appropriate.

With respect to removal to any other third country (any country other than El Salvador):

1. Respondents must provide written notice of removal to that country at least ten days prior to the removal; the notice must be to Petitioner's counsel via email;
2. If, after inquiring whether Petitioner has a fear of removal to that third country, Petitioner expresses such a fear, then Respondents must provide a reasonable fear interview to screen for Petitioner's fear of persecution and torture, consistent with 8 C.F.R. § 208.31;
3. If Petitioner is found to have a reasonable fear of removal, then the parties shall stipulate to reopen Petitioner's removal proceedings to allow Petitioner to present a full claim for relief under 8 U.S.C. § 1231(b)(3) and FARRA;
4. If Petitioner is not found to have such a fear, then Respondents must allow a further fifteen days for Petitioner to file a motion to reopen with the immigration court or Board of Immigration Appeals, as appropriate.

IT IS SO ORDERED.

DATED: March 12, 2026

*Patricia Donahue*
_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE